IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

IN RE:                               \*

                                \*

    PARK HEIGHT'S ANGEL, INC.,   \*

          Debtor                \*

                                \*      Case No. **20-12756**

_____    \*      Chapter 11

## DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §363(f), FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, 9014 AND LOCAL BANKRUPTCY RULE 6004-1 FOR AUTHORITY TO SELL CERTAIN REAL ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND OTHER INTERESTS

The Debtor, by and through their attorney, Craig A. Butler, pursuant to 11 U.S.C. §363(f), Federal Rule of Bankruptcy Procedure 6004, 9014 and Local Bankruptcy Rule 6004-1 and respectfully request that this Court enter an Order granting Debtor Authority to Sell Certain Real Estate Free and Clear of Liens, Claims and Encumbrances and in support thereof states as follows:

1.      On March 3, 2020, (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2.      The Debtor owns a certain parcel of real estate located at 2700 Oakley Avenue, Baltimore, MD  21215 ("2700 Oakley" or "Property").

3.      The Property is subject to a first lien in the amount of $230,551.91 in favor of the Harbor Bank of Maryland ("HBMD") a second lien in the amount of $95,000.00 in favor of the Harbor Bank of Maryland CDC ("HBMDCDC").

1

4.      The Property is also encumbered by judgments liens from HBMD, HBMDCDC and 1Sharpe Opp. Intermediate Trust.

5.      The Debtor has received an offer to purchase the property from the Debtor's Tenant ("Buyer") for the Property property in the amount of $181,000.00.   Attached, hereto and incorporated herein as Exhibit "1" is the Purchase Agreement.

6.      The Debtor seek the Court's approval to sell 2700 Oakley free and clear of all liens, claims, encumbrances, including but not limited to:

        a.  All mortgages, judgments, liens and lis pendens of record; and

        b.  All claims of ownership or other equitable rights of any party of any kind.

7.      The sale of the property was consistent with other sales in the neighborhood and the sale value was for a "fair value".

8.      The sale of the property to the Buyer constitutes a sale made in good faith and for fair value within the meaning of Section 363 of the Bankruptcy Code.

9.      The sale of the property benefits the Debtor and all creditors of the Debtor as it removes the Debtor's obligations to make payments to HBMD and HBMDCDC.   Additionally, it will provide proceeds to the bankruptcy estate that will be utilized for the benefit of Creditors.

10.     The parties are prepared to go to closing immediately and are awaiting the Court's approval of the sale to complete the transaction.

2

**BASIS FOR RELIEF**

11.     By this Motion, the Debtor seeks entry of an order approving the sale of the Property free and clear of liens, claims, encumbrances and interests and waiver of the provisions set forth in Federal Rules of Bankruptcy Procedure 6004(h).

12.     Pursuant to Section 541 of the Bankruptcy Code, the Property that is to be sold to Buyer under the Agreement is an asset of the Debtor's bankruptcy estate. In accordance with Section 363 of the Bankruptcy Code, a Debtor is authorized to sell property of the estate.

13.     Section 363(f) of the Bankruptcy Code provides, in pertinent part, as follows:

"(f) [t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property or an entity other than the estate, only if

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity exists;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

3

14.     The Property shall be sold free and clear of all liens, encumbrances and interest that could have been asserted by any equity claiming an interest therein. If the secured creditors opposes the Sale, the Debtor shall proceed under §363(f)(4) and (5) and sell over such objection.

## APPROVAL OF THE AGREEMENT IS WARRANTED

15.     The applicable principle of law with respect to the approval of asset sales in bankruptcy is stated in the case of *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983). The Court in *Lionel* held that approval is appropriate if the court finds the transaction represents a reasonable business judgment on the part of the debtor. *See also*, *Stephens Industries v. McClung*, 789 F.2d 3863 (6th Cir. 1986); *In re Coastal Industries, Inc.*, 63 B.R. 361 (Bankr.N.D.Ohio 1986), *In re Baldwin United Corp.*, 43 B.R. 888 (Bankr.S.D.Ohio 1984).

16.     In light of the foregoing, the Debtor has determined that the Sale of the Property to the Buyer's terms and conditions set forth in the Agreement is appropriate and is in the best interest of the estate and all parties in interest.

4

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order approving the sale of the Property free and clear of liens, claims, encumbrances and interest, and for such other further relief as this Court deems just.

Respectfully submitted,

/s/ *Craig A. Butler*
Craig A. Butler, Esq.
Bar No. 17409
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC  20004
(202) 587-2773
(202) 591-1727
cbutler@blgnow.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Debtor's Motion to for Authority to Sell Certain Real Property Free and Clear of Liens, Claims and Other Interests will be served electronically by the Court's CM/ECF system on the following:

**Katherine A Levin Katherine.A.Levin@usdoj.gov, Brenda.b.wilmore@usdoj.gov**

**James C. Olson jolson@jamesolsonattorney.com, G27108@notify.cincompass.com**

**US Trustee – Baltimore USTPRegion04.BA.ecf@usdoj.gov**

**Maurice B. Verstandig mac@mbvesq.com, lisa@mbvesq.com**

I hereby further certify that on the 5th day of June, 2020, a copy of the Debtor's Motion to for Authority to Sell Certain Real Property Free and Clear of Liens, Claims and Other Interests was also mailed first class mail, postage prepaid to:

**See Attached Mailing Matrix**

 /s/  Craig A. Butler
Craig A. Butler, Esq.
Bar No. 17409
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C.  20005
(202) 587-2773
(202) 591-1727 f
cbutler@blgnow.com