IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>**Park Height's Angel Incorporated**<br><br>Debtor. | Bankruptcy Case: 20-12756- DER<br><br>Chapter 11 |

**THE UNITED STATES TRUSTEE'S
MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE
AND REQUEST TO SET DEADLINE FOR COUNSEL'S FEE APPLICATIONS**

John P. Fitzgerald, III, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or dismissing the above-referenced case, and setting deadline for debtor's counsel to apply for approval of any outstanding but unapproved fees.

In support thereof, the United States Trustee represents as follows:

**BACKGROUND**

1. On March 3, 2020, Park Height's Angel Incorporated ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. In its petition, Debtor designated itself as small business debtor as defined by 11 U.S.C. § 101(51D). (*See* Doc. 1 at 2.) No party objected to that designation and the Court has not entered a finding that the designation was incorrect. Thus, the case is

proceeding with that designation. (*See* Fed. R. Bankr. P. 1020(a).)

3. Debtor has not elected to proceed under Subchapter V of Chapter 11.

4. Debtor has not filed Monthly Operating Reports since the period ending May 31, 2020.

5. Debtor has not filed a plan or disclosure statement. The original deadline for the filing of Debtor's plan was December 28, 2020. 11 U.S.C. § 1121(e)(2).

6. No order extending the deadline for Debtor's plan was ever entered.

## ARGUMENT

**A.   Legal Framework**

7. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011). Which of the three actions should be taken is determined by the best interests of the creditors and the estate. *Id.*

8. In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate. The interest of the debtor is not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

9. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal or the appointment of a trustee only by showing:

      i.      "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";

      ii.     a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

      iii.    the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

10.    The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

### **Failure to Confirm Plan Within Small Business Deadlines.**

11.    In its Petition, Debtor designated itself as a small business debtor pursuant to 11 U.S.C. § 101(51D). (*See* Doc. 1.) No party objected to that designation, the court has not entered a finding that the designation was incorrect, and no committee of unsecured creditors has been appointed. Thus, pursuant to Rule 1020 of the Federal Rules of Bankruptcy Procedure, the case is a small business case.

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

12. As a small business debtor, Debtor was required to file a plan and disclosure statement "not later than 300 days after the order for relief," unless that deadline is extended by an order "signed before the existing deadline has expired." 11 U.S.C. §§ 1121(e)(2); 1121(e)(3)(C). In this case, the deadline for Debtor to file a plan and disclosure statement was December 28, 2020.

13. Debtor has not filed a plan or disclosure statement.

14. Failure to confirm a plan by a statutory or court ordered deadline constitutes cause for conversion of dismissal of the case. 11 U.S.C. § 1112(b)(4)(J) ("'cause' [for conversion or dismissal] includes ... failure … to confirm a plan, within the time fixed by this title or by order of the court"); *Szanto v. United States* Trustee (In *re Szanto*), Case 3:14-cv-00355-RCJ, 2015 WL 6872473 at * 3 (D. Nev. Nov. 11, 2015) (affirming the dismissal of small business case where debtor failed to confirm plan within 45 days of filing and holding "[f]ailure to timely confirm a plan generally requires a bankruptcy court, after notice and hearing, to convert the case to Chapter 7 or dismiss it, whichever is in the best interests of creditors and the estate"); *In re Star Ambulance Service, LLC*, 540 B.R. 251, 259 (Bankr. S.D. Tex. 2015) (a plan filed by a small business debtor but not confirmed within the 45 day limit "cannot be confirmed by this Court"); *In re CCT Communications, Inc.*, 420 B.R. 160, 166-176 (Bankr. S.D.N.Y 2009); *but see In re Angel Fire Water Co. LLC*, Case 13-10868, 2015 WL 251570 at*6 (Bankr. D.N.M. Jan. 20, 2015) (holding, in *dicta*, that a small business debtor's failure to file or confirm a plan by the deadlines is not cause for dismissal because creditors are not bound by those deadlines and could still file a plan).

15. Moreover, even if it were not for the small business plan and disclosure deadlines, it has now been over a year since the commencement of the case and Debtor does not have a pending current plan or disclosure statement.

16. A debtor in Chapter 11 "has a duty to formulate a reorganization plan . . . [t]his is the job of a debtor in reorganization." *In re K.C. Marsh Co., Inc.*, 12 B.R. 401, 403 (Bankr. D. Mass. 1981). "Failure to propose a plan under § 1121 can be sufficient reason to convert the case to a liquidation case under 11 U.S.C. § 1112(b)(4)." *Id.*; *see also Samuels v Wilmington Saving Fund Society, FSB*, No. MB 19-003, 2019 WL 6211209 at 7 (B.A.P. 1st Cir., Nov. 19, 2019) ("bankruptcy court did not abuse its discretion in concluding there was cause for dismissal due to the Debtor's failure to confirm a plan within a reasonable time"); *In re Brooks*, 488 B.R. 483, 490-92 (Bankr. N. D. Ga. 2013) (failure to file a plan within a reasonable time constitute "cause" pursuant to Section 1112(b)); *Quarles v. United States Trustee*, 194 B.R. 94, 97 (W.D. Va. 1996) (failure to file a plan, "standing alone, could justify a finding of 'cause'"); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992) (failure to file a plan and disclosure statement within a reasonable time constitutes cause, pursuant to 11 U.S.C. § 1112(b)).

17. The bankruptcy code does not guarantee that a debtor will successfully reorganize. Bankruptcy is not a safe harbor inside which debtors can forever hide from creditors. Bankruptcy does not "provide a framework within which a debtor may indefinitely operate[; i]t only provides a breathing period for a debtor to attempt to reorganize." *In re Jones*, 115 B.R. 351, 352–53 (Bankr. N. D. Fla.1990). "A debtor cannot wallow in chapter 11 indefinitely." *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y

1995).

## Failure to File Monthly Operating Reports.

18.     Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file Monthly Operating Reports with the court and the United States Trustee on a monthly basis.

19.     The failure to file Monthly Operating Reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *William Steiner, Inc.*, 139 B.R. at 358; *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

20.     Debtor has not filed any Monthly Operating Reports for any reporting period

following May 2020. Thus, reports for June through December 2020, and January through April 2021 are currently overdue and outstanding.

### The Court Should Set a Deadline for Debtor's Counsel to Apply for Unapproved Fees

21. Pursuant to Section 329 of the Bankruptcy Code, and Rules 2016 and 2017 of the Federal Rules of Bankruptcy Procedure, all fees paid to a debtor's counsel in connection with a bankruptcy case (whether from the estate or any other source) are subject to review and approval by the Court. 11 U.S.C. § 329; Fed. R. Bankr. P. 2016, 2017; *see In re Walters*, 868 F.2d 665, 668 (4th Cir. 1989); *Tanamor v. Chang Law Group*, (*In re Tanamor*), Case No. 10-58862-TJC, 2013 WL 3938978 at * 4 (Bankr. D. Md., July 31, 2013).

22. Moreover, a debtor's counsel who receives compensation (whether from the estate or any other source) is required to file a disclosure of such compensation within fourteen days after its receipt. Fed. R. Bankr. P. 2016(b).

23. A debtor's counsel's duty to file fee disclosures, and the Court's duty to review such fees incurred during the case, continue even after a case is converted or dismissed. *In re Jankowski*, 382 B.R. 533, 541 (Bankr. M.D. Fla. 2007) ("Bankruptcy Court is obliged to review all aspects of a professional's claim for compensation, even after the dismissal of a case"); *In re Quaker Distributors, Inc.*, 189 B.R. 63, 68 (Bankr. E.D. Pa. 1995) ("there is no reason to conclude that dismissal of a case could or should eliminate bankruptcy court review of a debtor's transactions with its professionals"). "The oversight of the bankruptcy court ... must not end upon the mere dismissal of a case, lest overreaching

counsel could frustrate the requisite court review by the simple medium of encouraging the debtor to seek dismissal." *Quaker*, 189 B.R. at 68; *see also In re Garris*, 496 B.R. 343, 354 (Bankr. S.D.N.Y. 2013); *In re 5900 Assoc., LLC*, 326 B.R. 402, 410 (E.D. Mich. 2005).

24. Indeed, neither Section 329, nor Rules 2016 and 2017, place a terminating date or time upon their requirements.

25. In the United States Trustee's experience, once a Chapter 11 case has been converted or dismissed, subsequent fee disclosures and fee applications are rarely filed.

26. Whether this failure is because debtor's counsel in such cases is not receiving any payment for the services they performed in connection with the case or because the disclosure requirements are being ignored in these instances is not clear.

27. In any event, the best way to assure that the Court is able to perform its required review is to set a deadline for filing applications for approval of outstanding fees.

28. Counsel disclosed that he received $2,000 as a retainer from the Debtor prior to the filing of this case. Docs. 3 & 16.

29. Counsel has not disclosed any additional payments made for services.

30. Counsel's employment by the Debtor was approved by this Court by order specifically noting that the payment of any and all compensation to counsel shall be subject to application therefor, notice, opportunity for hearing, and approval by this Court. Doc. 24.

31. No application for compensation has been filed or approved.

32. Presumably, Counsel continues to hold at least the original retainer of $2,000.

33. Therefore, in the event this Motion is granted and the case is either converted to a case under Chapter 7 or dismissed, the Court should set a deadline for Debtor's counsel to file a fee application, in the form required by Rule 2016(a), or alternatively, to fully refund the $2,000 retainer.

34. Such an order is "appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

**Local Rule 9013 Statements**

35. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

36. The United States Trustee consents to entry of final orders and judgments by the Bankruptcy Judge in this matter, as provided in Local Rule 9013-6.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Converting to Chapter 7 or in the alternative dismissing this case;

(3) Setting a deadline for the filing of Debtor's Counsel's fee application or notice of refund; and

(4) Granting such other and further relief as is just and proper.

Dated: June 2, 2021

Respectfully submitted,

John P. Fitzgerald, III,
Acting United States Trustee for Region Four

By: */s/ Katherine A. Levin*
Katherine A. Levin
Fed. Bar No.: 10916
United State Department of Justice
101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-4300
E-mail:  katherine.a.levin@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2021, a copy of the foregoing Motion to Convert to Chapter 7 or to Dismiss was sent via first class mail, postage prepaid to:

Stephen Thomas, Executive Director
Park Height's Angel Incorporated
1689 Westgate Dr., #101
York, PA 17408

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- **Craig A Butler**   cab.esq@gmail.com, hwheeler@blgnow.com,cbutler@blgnow.com,cdeberry@blgnow.com,hcherry@blgnow.com,townsendlillian1948@gmail.com
- **Katherine A. (UST) Levin**   Katherine.A.Levin@usdoj.gov, brenda.b.wilmore@usdoj.gov
- **James C. Olson**   jolson@jamesolsonattorney.com, G27108@notify.cincompass.com
- **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV

- **Maurice Belmont VerStandig** mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com

    */s/ Katherine A. Levin*
    Katherine A. Levin