# UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF MARYLAND
# Greenbelt Division

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) | Case No. **20-12756** |
| PARK HEIGHT'S ANGEL, INC. | ) ) ) ) | Chapter 11 |

_____

## APPLICATION REQUESTING COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

Craig A. Butler, Esq., counsel for the Debtor-In-Possession files this application (the "Application") requesting entry of an Order approving compensation and reimbursement of expenses incurred as counsel for the Debtor-In-Possession. By this Application, Debtor's Counsel requests that the Court allow an administrative claim for fees and reimbursable costs of $10,288.65. Applicant submits this application pursuant to § 330 and § 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016, and states as follows:

1. Park Height's Angel, Inc. (the "Debtor") filed a petition under Chapter 11 of the Bankruptcy Code on March 3, 2020.

2. Debtor's Counsel's Application for Employment was granted by the Court on May 15, 2020.

3. Debtor's Counsel has not previously sought or been awarded compensation or reimbursement of expenses in this case.

4. The time period covered by this Application is thus March 1, 2020 through the date of this Application, July 20, 2021.

5. The services rendered by Debtor's Counsel are set forth in the time records attached as Exhibit "A" to this Application. Those records reflect that Debtor's Counsel expended 28.27 hours performing services in this case.

6. The total fees incurred by Debtor's Counsel are therefore $9,895.65. This amount is based upon the hourly rate of $350.00, the hourly rate set forth in the Verified Statement of Craig A. Butler, Esq. filed with this Court on April 22, 2020.

7. The firm has also incurred expenses in connection with the case. The total expenses requested in this Application are $393.00. Such expenses are further described on the attached Exhibit "A".

8. The total of fees and expenses requested is therefore $10,288.65. Prior to filing this Application, Debtor's Counsel has received into escrow payment of $2,000.00 from the Debtor in order to fund Debtor's Counsel's fees. Any award of fees will first be applied against such retainer, with the remaining amount to be due from the Debtor.

9. The services provided by Debtor's Counsel have benefitted the estate. Debtor's Counsel worked with the Debtor, the United States Trustee, and creditors to facilitate an opportunity for the Debtor to maintain its real property throughout this proceeding by negotiating agreements with Debtor's secured creditors. The Debtor's Counsel attended a Section 341 meeting of creditors, motions hearings and status during the pendency of the case. The Debtor's Counsel assisted the Debtor in preparation of consent orders, consulted with the Debtor and numerous creditors concerning sales of property, financial projections and terms for repayment of claims and in an effort to

facilitate an opportunity for Debtor to retain its real property. Debtor's Counsel filed motions to sell real property and objections to a motion to lift stay and a motion to convert and performed other tasks as set forth in Exhibit "A" in order to facilitate an opportunity for Debtor to retain its real property.

10. Debtor's Counsel affirms to the Court that the fees and expenses requested by this Application are (i) for actual, reasonable, and necessary services rendered by the Applicant, (ii) based upon customary fees charged and generally approved by this Court for services of this nature provided by comparably skilled professionals, and (iii) consistent with Part C (Reimbursement of Disbursements and Expenses) of Appendix D to the Local Bankruptcy Rules.

11. Debtor's Counsel submits that this Application satisfies the lodestar formula and factors set forth in § 330(a) of the Bankruptcy Code and in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) (as adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978)).

12. No agreement or understanding exists between the Applicant and any other person for the division or sharing of the compensation or expenses that are the subject of this Application.

13. Debtor's Counsel has based this application on the short form fee application approved for use in submission of fee applications in Chapter 11 cases in this district.

WHEREFORE, the Applicant prays that the Court enter an Order approving compensation and reimbursement of expenses to Debtor's Counsel in the amount of

$10,288.65, as sought in this Application, as an allowed administrative expense priority claim.

                    Respectfully submitted,
                    __/s/ Craig A. Butler_____
                    Craig A. Butler, Esquire
                    Bar # 17409
                    The Butler Law Group, PLLC
                    1455 Pennsylvania Avenue, NW
                    Suite 400
                    Washington, DC 20004
                    (202) 587-2773

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of July 2021, I reviewed the Court's CM/ECF system and it reports that an electronic copy of this application will be served electronically by the Court's CM/ECF system on the following:

**Katherine A Levin Katherine.A.Levin@usdoj.gov, Brenda.b.wilmore@usdoj.gov**

**James C. Olson jolson@jamesolsonattorney.com, G27108@notify.cincompass.com**

**US Trustee – Baltimore USTPRegion04.BA.ecf@usdoj.gov**

**Maurice B. Verstandig mac@mbvesq.com, lisa@mbvesq.com**

      I hereby further certify that on the 20th day of July, 2021, a copy of this application was also mailed first class mail, postage prepaid to:

**See Attached Mailing Matrix**

                                                  __/s/ Craig A. Butler_____
                                                  Craig A. Butler